IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:11-CV-2524-M |
| PETRON ENERGY, INC. and W.P. OIL & GAS, LLC, | § § § § | |
| Defendants. | § § | |

## ORDER

On October 31, 2013, the Court issued its Memorandum Opinion and Order [Docket Entry #71] DENYING Plaintiff's Motion for Summary Judgment [Docket Entry #44] and GRANTING in part and DENYING in part Defendants' Motion for Partial Summary Judgment [Docket Entry #48]. On November 1, 2013, the Court entered a Partial Interlocutory Judgment [Docket Entry #72] in this action consistent with the Opinion.

Before the Court are Plaintiff's Rule 59(e) Motion to Alter or Amend ("Plaintiff's Motion to Alter") [Docket Entry #74] and Defendants' Motion to Reconsider [Docket Entry #75].

Having reviewed the foregoing, and the applicable law, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Alter and GRANTS Defendants' Motion to Reconsider.

## I. LAW

The Court may revise its interlocutory order in this action pursuant to Federal Rule of Civil Procedure 54(b). *See* Fed. R. Civ. P. 54(b). Whether to do so, however, is entirely within this Court's discretion. *See Brown v. Wichita Cnty.*, No. 7:5-CV-108-O, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011). It is only appropriate for a Court to do so to correct a manifest

error of law or fact or when a party presents newly discovered evidence. *Tex. Instruments, Inc. v. Hyundai Elec. Indust., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999).[1]

## II. PLAINTIFF'S MOTION TO ALTER

### A. Texas Insurance Code § 541

The Court previously denied Defendants' summary judgment on their claims against Plaintiff brought under Chapter 541 of the Texas Insurance Code. Plaintiff argues that the Court erred in not *granting* Plaintiff summary judgment on these claims. The Court agrees and, for the following reasons, GRANTS Plaintiff summary judgment on these counterclaims.

Section 541.60, under which Defendants bring their Chapter 541 claims, identifies several categories of unfair settlement practices. TEX. INS. CODE § 541.60. These claims require that Plaintiff acted in "bad faith" with respect to Defendants. *See, e.g.*, *Quintana v. State Farm Mut. Auto. Ins. Co.*, No. H-11-007-A, 2013 WL 5495827, at *5 (S.D. Tex. Oct. 2, 2013) ("Because Plaintiffs have failed to raise a genuine issue of material fact that Defendant acted in bad faith, Plaintiffs' claim that Defendant violated § 541.060(a)(2)(A) likewise fails"); *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 906 F. Supp. 2d 642, 649 (S.D. Tex. 2012) ("Liability under § 541 of the Texas Insurance Code is reviewed under the same standard as a common law bad faith claim.") (internal citation omitted). These claims also require a showing of independent injury—*i.e.*, an insured can only recover for § 541.060 violations if the insurer's complained of actions caused injury independent of a wrongful denial of policy benefits. *See, e.g.*, *Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 715 (S.D. Tex. 2013).

---

[1] Although Plaintiff asserts its Motion to Alter under Federal Rule of Civil Procedure 59(e), which governs motions to alter or amend a *final judgment*, the Court treats Plaintiff's Motion as one brought under Rule 54(b).

In denying Defendants summary judgment on their Chapter 541 claims against Plaintiff, the Court stated that "there is insufficient evidence that Defendants suffered any injury independent of the denial of policy benefits." Op. at 28. The Court continued that, as a result, "Admiral is entitled to summary judgment as a matter of law on Defendants' claims under Section 541.060(a)(4)." *Id.* The Court erred in limiting this finding specifically to this claim, rather than to all of Defendants' Chapter 541 claims, and in not entering summary judgment for Plaintiff on these claims.

Defendants raised several arguments in support of their position that Plaintiff's action caused them to suffer an independent injury. In concluding that Defendants did not suffer an injury independent of the denial of policy benefits, the Court did not address Defendants' contentions that: (1) the incurring of fees in this action, to any extent, constitutes such independent injury; and (2) the "significantly higher litigation expenses" incurred in this action due to Plaintiff's "dilatory tactics" also constitute an independent injury. Defs.' Resp. to Pl.'s Mot. for Summ. J. at 28. The Court considers these arguments now, and finds them unmeritorious.

Defendants cite no case directly supporting these positions, and instead argue that the Fifth Circuit in *Great American Insurance Company v. AFS/IBEX Financial Services, Inc.*, stated that attorneys' fees incurred by an insurer in a third-party lawsuit *may* "provide the separate injury necessary to support . . . damages for [the insurer's] bad faith and violations of the Texas Insurance Code." 612 F.3d 800, 808 (2010). That third-party case was an action instituted by the insured against a non-party whose conduct gave rise to the insured's claim against the insurer. Such is not the case here, where Defendants argue that the fees they have incurred in this declaratory judgment *coverage action* constitute an independent injury. The Court does not

agree. As Plaintiff points out, if attorneys' fees incurred in a coverage action were an independent injury, then this would allow defense (or prosecution) costs incurred in a coverage dispute, for which Defendants are otherwise seeking reimbursement, to cause the action to necessarily become an extra-contractual one (assuming bad-faith is shown). But, as a practical matter, these defense costs are no more an "independent injury" than those incurred in the Oklahoma Litigation due to Plaintiff's failure to defend.

Because this Court has rejected Defendants' other "independent injury" arguments, the Court GRANTS Plaintiff summary judgment on Defendants' counterclaims under Chapter 541 of the Texas Insurance Code.

### B. The Classification Limitation

The Court previously held that the Policy's Classification Limitation did not absolve Plaintiff from a duty to defend Defendants in the Oklahoma Litigation. In its Motion to Alter, Plaintiff challenges this holding on two grounds. Plaintiff argues that the Court erred by: (1) not considering extrinsic evidence to determine whether the injuries alleged in the Oklahoma Litigation "arose" from the specified classifications, notwithstanding that it explicitly stated that it would not confine this analysis to the eight corners rule; and (2) wrongly applying the eight corners rule in determining that the Classification Limitation did not preclude a duty to defend.

Whether or not the Court was correct in finding extrinsic evidence could be considered to determine whether the injuries alleged in the Oklahoma Litigation "arose" from the specified classifications, this narrow exception to the eight corners rule *does not* permit the Court to consider extrinsic evidence which overlaps with the merits of, and contradicts the allegations underlying, the Oklahoma Litigation. *See GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 310 (Tex. 2006); *VRV Dev., L.P. v. Mid-Continent Cas. Co.*, No. 9-

CV-1382, 2010 WL 375499, at *3 (N.D. Tex. Feb. 3, 2010) (Lynn, J.), *aff'd* 630 F.3d 451 (5th Cir. 2011).

Thus, the Court did not err in failing to consider the "sworn testimony of the corporate representatives of both Petron and WPO that there is no connection whatsoever between the injuries complained of in the Oklahoma Litigation and the business operations to which coverage under the Admiral Policy is expressly limited by the Classification Limitation." Pl.'s Mot. to Alter at 4-5. This is so because this evidence clearly contradicts, and goes to the underlying merits of, the allegations in the *Hobbs* and *Blagg* pleadings.

The *Hobbs* pleadings allege that Defendants used collectible automobiles, such as that involved in the accident at issue here, to "promote" Defendants' businesses.[2] The extrinsic evidence that Plaintiff argues the Court should have considered squarely contradicts this allegation. And, although the *Blagg* pleading does not contain this same allegation, it does allege that the defendant driver was acting within the scope of his employment/agency when the accident occurred. The testimony that Plaintiff seeks the Court to consider arguably contradicts this allegation, and implicates the merits of the underlying litigation, as it would tend to show that he *was not* acting within the scope of his employment/agency when the accident occurred.

Relatedly, the Court likewise rejects Plaintiff's argument that the Classification Limitation precludes a duty to defend in the *Blagg* case. Although the *Blagg* pleading does not contain the "used to promote" allegation found in the *Hobbs* pleadings, it does allege that the driver was acting within the scope of his employment for Defendants when the accident

---

[2] To the extent Plaintiff argues that this "promotion" language is insufficient to defeat application of the Classification Limitation, the Court has already rejected this argument and finds no reason to hold otherwise on Plaintiff's Motion to Alter.

occurred. The Court has already discussed why this language invokes a duty to defend pursuant to the Classification Limitation and will not restate its analysis here. Op. at 13.

Plaintiff's Motion to Alter the Court's ruling that the Classification Limitation does not preclude a duty to defend is DENIED.

### C. WPO's Status as an Additional Insured and Petron's Contractual Indemnity

#### 1. WPO's Status as an Additional Insured

Plaintiff argues that the Court erred in determining that WPO was an Additional Insured because it did not consider extrinsic evidence demonstrating that Petron does not own an interest in wells with WPO. This argument is nothing more than a nuanced reworking of Plaintiff's argument that WPO cannot be an Additional Insured under the Policy because it does not share a non-operating working interest with Petron in oil or gas operations. The Court did not err in previously rejecting this argument.

Plaintiff's Motion to Alter the Court's ruling that WPO is an Additional Insured is DENIED.

#### 2. The Joint Venture Agreement

The Court held that the joint venture and indemnity agreement between Petron and WPO was an "insured contract" under the Policy and that Plaintiff was, therefore, required to indemnify Petron for defense costs incurred by Petron in complying with its indemnity obligations to WPO pursuant to this agreement.

Plaintiff argues that the Court erred in concluding that Plaintiff owed an obligation pursuant to the Policy to indemnify Petron by reason of the insured contract. Plaintiff argues that this determination is premature and that it necessarily entails a determination that a contractual indemnity obligation is owed pursuant to the insured contract, which depends on whether the actions for which WPO seeks indemnification were taken on behalf of Petron in "good faith

furtherance of Petron's business operations." *See* Pl.'s App. in Supp. of Mot. for Summ. J. at 136. Plaintiff is correct.

In concluding that defense costs incurred by Petron in complying with its indemnity obligations to WPO were recoverable from Plaintiff under the Policy, the Court held that "the consequence of the 'insured contract' status is that it triggers an exception to the Policy's exclusion for 'contractual liability' in Section I.A.2." Op. at 8. In support of this finding, the Court cited the following language contained in Section I.A.2:

> Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:
>
> (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract;" and
>
> (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

Pl.'s App. in Supp. of Mot. for Summ. J. at 103. This language, however, is *not* the language that "triggers an exception" to the Policy's exclusion for contractual liability; instead, it merely clarifies what expenses are deemed to be damages because of "bodily injury" or "property damage." The relevant language triggering the exception to the exclusion for contractual liability states that the exclusion does not apply to liability for damages "[a]ssumed in a contract or agreement that is an 'insured contract', provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contract or agreement." *Id.* at 102.

This language, then, provides an exception to the Contractual Liability exclusion only if Petron assumed liability for damages pursuant to its insured contract with WPO. Thus, the fact that an insured contract *existed* between Petron and WPO does not, by itself, trigger an

Page **7** of **14**

indemnification obligation to Petron by Plaintiff—this obligation is only incurred if Petron *assumed liability for damages* pursuant to this insurance contract, and Petron agreed in this insurance contract to indemnify WPO only for those actions that WPO took in good faith on its behalf. The Court erred in imposing on Plaintiff an indemnity obligation to Petron without first conducting this separate analysis.[3]

The question of WPO's good faith will necessarily be resolved as part of the underlying litigation. *Cf.* Defs.' Mot. for Summ. J. at 19 (arguing that Plaintiff's duty to indemnify Defendants cannot be resolved until the underlying litigation concludes because of outstanding fact issues that can resolve the "coverage question," such as whether the driver was an employee of either of Defendants and, if so, whether he was acting within the scope of his employment). The Court, therefore, GRANTS Plaintiff's Motion to Alter to vacate the Court's prior ruling that Plaintiff owed an indemnity obligation to Petron pursuant to an insured contract between Petron and WPO. In so holding, the Court is not vacating its prior ruling that an insured contract existed between Defendants.

### D. Auto Exclusion

Plaintiff challenges the Court's determination that the Policy's Auto Exclusion did not apply to preclude its duty to defend.

---

[3] Defendants argue in their Motion for Summary Judgment that Plaintiff has waived its ability to argue that it "has no contractual indemnity obligation to WP via Petron" because it did not raise this as an affirmative defense in its pleadings in this case. Defs.' Mot. for Summ. J. at 22-23 n.10. Defendants claim that Plaintiff's argument "is based on the exclusion in the policy for 'contractual liability'" and that such exclusions must be pleaded as affirmative defenses. *Id.* Although Plaintiff did not respond to this argument, the Court rejects it. Defendants provide no support for the proposition that an *affirmative defense* not raised in a *complaint* for declaratory judgment can result in waiver, which is unsurprising as Federal Rule of Civil Procedure 8(c)(1)—which governs the pleading of affirmative defenses—speaks only to *responsive* pleadings. *See* Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . .").

First, Plaintiff claims that the Court did not address whether the Auto Exclusion applied to preclude coverage to Defendants via the common-law doctrine of respondeat superior. Contrary to Plaintiff's assertion, the Court did address this argument, and concluded that it did not, finding that Texas courts distinguish between "direct" and "vicarious" liability in construing insurance contracts. That Plaintiff disagrees with the Court's holding on this point is not a reason for the Court to alter its decision. To the extent that the cases cited by Plaintiff in support of this argument suggest that an employer can be vicariously liable for the actions of its employee when that employee does not first qualify as an "insured" under a policy excluding coverage relating to injuries caused by "any insured"—as here—the Court finds them unpersuasive and contradicted by the precedent that it must apply to construe the Policy at issue.

Plaintiff alternatively argues that the Court premised its holding that the Auto Exclusion does not bar a duty to defend solely on the use of the term "and/or" in the *Blagg* complaint, and maintains that a different conclusion follows from the use of the word "and" in the most recent *Hobbs* pleading—*i.e.*, unlike the *Blagg* pleading, which alleged that the driver causing the accident at issue was an employee of defendant Line, WPO, *and/or* Petron—the *Hobbs* pleading alleged that the driver was acting within the scope of his employment with defendant Line *and* Petron *and* WPO. Plaintiff argues that the "and/or" distinction means that the driver could have been employed by *either* Petron, WPO, or Line—which, for those reasons stated in the Court's prior opinion, would bar the Auto Exclusion from precluding a duty to defend—while the *Hobbs* pleading alleges that the driver was employed by *all* of the employers, including Petron— meaning that he was an "any insured" per the Policy under the Auto Exclusion, such that, for

those reasons stated in the Court's prior opinion, the Auto Exclusion would apply to preclude a duty to defend.[4]

Defendants argue that the distinction claimed by Plaintiff between the *Hobbs* and *Blagg* pleadings is immaterial to a determination of whether the Auto Exclusion precludes a duty to defend. Defendants argue that this is so because, regardless of whether the driver is alleged to be an employee of *all* employers or just a *single* employer, the effect is the same—*i.e.*, "[s]uch a pleading (if supported by evidence) would obviously permit a jury finding that [the driver] was an employee of only one of the alleged employers." Defs.' Resp. to Pl.'s Mot. to Alter at 7.

Plaintiff does not argue that the *Hobbs* pleadings implicate the joint employer doctrine, nor does it cite a single case that would support such a proposition. Indeed, the Court is not aware of a single decision where the joint employer doctrine was applied to trigger an exclusion to coverage under a non-workers' compensation insurance policy, where the employee was alleged to be employed by *more than two* employers. When interpreting the pleadings, the Court must do so liberally, "resolving doubts in favor of the insured." *Sphere Drake Ins. PLC v. Gainsco Cty. Mut. Ins. Co.*, 273 F.3d 1100, at *2 (5th Cir. Aug. 21, 2001) (unpublished) (internal citation omitted). Pursuant to this instruction, and in light of the fact that "[p]olicy exclusions are strictly construed against the insurer," *id.* (alteration in original, internal citation omitted), the Court does not conclude that there is any meaningful difference between the relevant allegations in the underlying pleadings that would allow Plaintiff to escape a duty to defend in one case but not the other. Plaintiff has, therefore, not borne its burden of demonstrating that this exclusion applies to preclude a duty to defend the *Hobbs* action.

---

[4] The previously filed *Hobbs* pleading, in which Petron was also named as a defendant, alleges that the driver was acting within the scope of his employment by Petron *and* WPO *and* Line *and* other defendants not named in the later pleading. Pl.'s App. in Supp. of Mot. for Summ. J. at 80.

For these reasons, the Court DENIES Plaintiff's Motion to Alter the Court's holding that the Auto Exclusion does not apply to preclude a duty to defend.

## III. DEFENDANTS' MOTION TO RECONSIDER

Defendants ask the Court to reconsider its prior order denying them summary judgment on their breach of contract and Texas Insurance Code Prompt Payment of Claims Act claims. For the below reasons, the Court GRANTS Defendants summary judgment on these claims.

### A. Breach of Contract

Notwithstanding that the Court previously determined that "Admiral had a duty to defend, and therefore breached the Policy" in not doing so, the Court nevertheless denied Defendants summary judgment on their breach of contract claim, finding that they failed to prove damages because the breach did not result in "*increased* legal fees in the Oklahoma Litigation." Op. at 30-31.

Defendants contend that the Court wrongly applied the independent injury test for "extra-contractual" damages, applicable under some sections of the Texas Insurance Code, to their breach of contract claim. Defendants are correct. *See Trammell Crow Residential Co. v. Va. Sur. Co.*, 643 F. Supp. 2d 844, 856-57 (N.D. Tex. 2008) (Fitzwater, C.J.) (holding that because the insurer had a duty to defend, it was "beyond peradventure" that it breached the insurance policy in not doing so, thereby, causing Defendant to incur unnecessary legal expenses). Thus, rather than show that they had suffered *increased* fees in the Oklahoma Litigation to establish their breach of contract claim, Defendants only needed to show that they *have* incurred legal expenses due to Plaintiff's failure to provide a defense. Defendants have done so, *see* Op. at 4; Defs.' Appx. in Supp. of Mot. for Summ. J. at 261, and are therefore entitled to judgment establishing that Plaintiff is liable for breaching the Policy.

In so holding, the Court rejects Plaintiff's argument that such a determination is "academic," because the Court cannot now determine the amount of covered fees. The Court can certainly determine liability without simultaneously determining the amount of damages that Defendants may be entitled to on their breach of contract claim, if any.[5] *See Trammell*, 643 F. Supp. at 849 n.4; *Grapevine Excavation, Inc. v. Md. Lloyds*, 35 S.W.3d 1, 5 (Tex. 2000) ("[I]n a policyholder's successful suit for breach of contract against an insurer . . . the insurer is liable for reasonable attorneys' fees incurred in pursuing the breach-of-contract action . . . unless the insurer is liable for attorneys' fees under another statutory scheme.").[6]

### B. Prompt Payment of Claims Act

Defendants also assert that the Court erred in denying their claims under §§ 542.058 and 542.060 of the Texas Insurance Code. Section 542.058, titled "Delay in Payment of Claim," provides:

> [I]f an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.

Section 542.060, in turn, provides:

> If an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.

---

[5] Defendants also argue that they are entitled to attorneys' fees and expenses incurred in this coverage action. In granting Defendants partial summary judgment on their breach of contract claim, the Court rules only on Plaintiff's liability for breaching the Policy. The Court will determine whether Defendants are entitled to attorneys' fees incurred in this action when determining the amount of attorneys' fees that Defendants are entitled to on this claim.

[6] Defendants also seek to hold Plaintiff liable for violating § 542.058 of the Texas Insurance Code, which, as discussed herein, allows for an award of attorneys' fees pursuant to § 542.060.

Section 542.058 does not turn on whether the insured suffered an "independent injury" or the "reasonableness" of the insurer's position. *See Trammell*, 643 F. Supp. 2d at 857 (rejecting insurer's argument that insured was not entitled to summary judgment on its Section 542.058 claim, as the court had already held that insurer breached duty to defend); Pl.'s Resp. to Defs.' Mot. to Reconsider at 3 ("Admiral . . . does not now argue that the 'independent injury' requirement applies to a claim under the 'Prompt Payment Act.'"); *Performance Autoplex II, Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 861 (5th Cir. 1993) ("The sole basis for finding liability under [§ 542], then, is that the requisite time has passed and the insurer was ultimately found liable for the claim."); *Harrison v. Int'l Catastrophe Ins. Managers, LLC*, No. 10-CV-683, 2012 WL 1231071, at *5 (E.D. Tex. March 22, 2012), *adopted by* 2012 WL 1232020 (E.D. Tex. April 12, 2012); *Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997) (holding that there is no good faith exception for failing to comply with Texas Insurance Code Article 21.55 (predecessor to Chapter 542)).

     Because Plaintiff had a duty to defend, and breached that duty, the Court necessarily concludes that Plaintiff violated the Prompt Payment of Claims Act by erroneously rejecting Defendants' requests for defense and delaying payment of fees and expenses incurred in the Oklahoma Litigation. Defendants are thus entitled to summary judgment on their Chapter 542 claims, rendering Plaintiff liable to them for damages, attorneys' fees, and prejudgment interest in an amount to be determined. Plaintiff's argument that such a determination is premature and "entirely symbolic" fails for the same reasons given with respect to Defendants' breach of contract claim.

IV.  **CONCLUSION**

Plaintiff's Motion to Alter is GRANTED to the extent discussed herein.  In all other respects, Plaintiff's Motion to Alter is DENIED.  Defendant's Motion to Reconsider is GRANTED.

**SO ORDERED**.

February 28, 2014.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**